UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CR-0129-CVE |
| | ) |
| JUSTIN WADE WASHINGTON, II, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is the Motion of Defendant, Justin Wade Washington, to Suppress Results of Search (Dkt. # 16). Defendant asks the Court to suppress any evidence gathered during an automobile search on June 7, 2007 following defendant's arrest. The government responds that defendant, as a passenger of the vehicle, lacks standing to challenge the constitutionality of the automobile search.

On June 6, 2007, the Tulsa Police Department obtained information that Justin Wade Washington ("Washington") was in the vicinity of 2100 North Atlanta Avenue in Tulsa, Oklahoma, and there was a outstanding felony arrest warrant for Washington.[1] Defendant was charged with unlawful possession of a controlled drug in Tulsa County District Court, and that court issued an arrest warrant for Washington. Police determined that Washington had left the specified area, but it was believed he would return to the same location sometime the following day. On June 7, 2007, Tulsa Police Department Officers Kevin Warne ("Warne") and Brian Hill ("Hill") conducted

---

[1] The facts stated in the next two paragraphs are provided as background information rather than conclusive factual findings. The Court held a motion hearing on October 12, 2007, and defendant stipulated to certain facts as subsequently set forth in this Opinion and Order. The Court found that the stipulations were sufficient to dispose of defendant's motion, and both parties agreed that testimony from law enforcement officials was unnecessary.

surveillance outside Washington's address at 2127 North Lewis Avenue in Tulsa, Oklahoma. Warne and Hill had a picture of Washington and saw him leave his house. Washington got into a blue Geo Prizm ("Prizm") as a passenger.

Warne and Hill followed the Prizm until Tulsa Police Department Officers John Sherrill ("Sherrill") and Kurt Gardner ("Gardner") joined the pursuit of the vehicle. Sherrill and Gardner pursued the Prizm until it stopped near the 2100 block of North Atlanta Avenue. Warne and Hill observed a passenger exit the vehicle and verified that the passenger was Washington. Gardner initiated contact with Washington and arrested him on the outstanding warrant. Gardner asked Washington if he had any contraband on him, and Washington told Gardner that a "black guy gave me a gun and it is in the car." Dkt. # 25, at 2. Sherrill interviewed the driver, Teddy Joe Holt, Jr. ("Holt"), after Washington was in custody. Holt told Sherrill that he heard Washington throw something under the seat after he entered the Prizm. Sherrill searched the vehicle and found a pistol underneath the passenger's seat. Holt denied ownership of the pistol and claimed that it belonged to Washington. After the search, police verified that the Prizm belonged to Holt and released the car to Holt.

At the motion hearing, defendant stipulated that police had a felony arrest warrant for his arrest, and that he was arrested pursuant to that warrant. He admits that he was a passenger in the car, but he did not own or have any possessory interest in the vehicle. He stipulates that he stepped out of the vehicle of his own free will, and that police did not initiate contact with him until he left the vehicle. Based on these stipulations only, the Court finds that defendant lacks standing to challenge the automobile search.

A person has standing to challenge the violation of his own Fourth Amendment rights only. United States v. Ladeaux, 454 F.3d 1107, 1112 (10th Cir. 2006). To have standing, a defendant must prove that he had a legitimate expectation of privacy in the area searched. United States v. Angevine, 281 F.3d 1130 (10th Cir. 2002). To determine if a defendant had a legitimate expectation of privacy, the defendant has the burden to show "a subjective expectation of privacy in the area searched, and . . . that expectation must be one that 'society is prepared to recognize as 'reasonable.'" United States v. Leary, 846 F.2d 592, 595 (10th Cir. 1988). The Tenth Circuit has held that "without a possessory or proprietary interest in the vehicle searched, 'passengers lack standing to challenge vehicle searches.'" United States v. DeLuca, 269 F.3d 1128, 1132 (10th Cir. 2001) (quoting United States v. Eylicio-Montoya, 70 F.3d 1158, 1161 (10th Cir. 1995)). While a passenger does not have standing to contest the search of the vehicle, he may "contest the lawfulness of his own detention and seek to suppress evidence found in the vehicle as the fruit of the illegal detention." United States v. Nava-Ramirez, 210 F.3d 1128, 1131 (10th Cir. 2000); see also Brendlin v. California, 127 S. Ct. 2400 (2007).

The Court finds that defendant lacks standing under the Fourth Amendment to contest the automobile search. Tenth Circuit precedent is clear that a passenger does not have standing to challenge a vehicle search unless he has some ownership or possessory interest in the vehicle that would create a legitimate expectation of privacy. United States v. Cortez-Galaviz, 495 F.3d 1203, 1205 n.3 (10th Cir. 2007); DeLuca, 269 F.3d at 1132; Eylicio-Montoya, 70 F.3d at 1162; United States v. Jefferson, 925 F.2d 1242, 1249 (10th Cir. 1991). In this case, Washington has stipulated that he was a passenger and he did not have any ownership or possessory interest in the Prizm. He does not contest the lawfulness of his detention, because he admits that police had a warrant for his

arrest. Based on the facts stipulated to by defendant, the Court finds that defendant lacks standing to challenge the June 7, 2007 of Holt's automobile.

Even if defendant had standing to challenge the search of the vehicle, his motion to suppress would still be denied. Although defendant was a passenger rather than the owner of the vehicle, police could search the passenger compartment of the vehicle as part of a search incident to arrest. New York v. Belton, 453 U.S. 454 (1981); United States v. Brothers, 438 F.3d 1068 (10th Cir. 2006); United States v. Humphrey, 208 F.3d 1190, 1202 (10th Cir. 2000). Defendant was an occupant of the vehicle, and Belton created a bright-line rule that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Belton, 453 U.S. at 460. This rule applies even if police did not initiate contact with defendant until he had exited the vehicle. Thornton v. United States, 541 U.S. 615 (2004). Police lawfully arrested Washington based on a felony arrest warrant and he was an occupant of the vehicle. Therefore, police were authorized to search the passenger compartment of the vehicle as part of a search incident to arrest, and the evidence seized during the search should not be suppressed.

**IT IS THEREFORE ORDERED** that Motion of Defendant, Justin Wade Washington, to Suppress Results of Search (Dkt. # 16) is **denied**

**DATED** this 12th day of October, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT